Upson, J.
The facts alleged in the amended answer not having been put in issue by a reply, and having also been fully proved by the testimony, the court of common pleas must have decided that these facts did not constitute a defense nor counter-claim. The representation that the tract of land purchased, included a piece more valuable than that actually conveyed, on account of its being of better quality, and having on it timber, and a building of some value, was certainly a material representation, and if made falsely or fraudulently, would, without doubt, constitute a good cause of action for the damages sustained by a person who was, by means thereof, induced to purchase the property.
In the case of Allen v. Shackelton, 15 Ohio St. 145, it was hold that the purchaser might set up, as a defense to a suit *494 upon the note and mortgage given for the purchase money, a counter-claim for damages for fraud practiced, in the sale of the premises by the vendor, by means of representations similar to those which were made by King to Mulvey; but that was a case of actual fraud.
In the case of Taylor v. Leith, 26 Ohio St. 428, which was an action brought to recover damages for fraudulent representations in the sale of lands, it was held that the instruction given by the court of common pleas was calculated to mislead the jury, by giving them to understand that the representations which were untrue in fact would give a cause of action, although they may have been founded in mere mistake; and, in the opinion of the court, White, J., says: “The present action is brought to recover damages for fraud or deceit practiced in the sale of land. To constitute a cause of action there must be bad faith. If the representations, when made, were believed to be true, and the facts of the case were such as to justify the belief, there is no fraud or deceit, and there can be no recovery.”
In the case of Ætna Ins. Co. v. Reed, 33 Ohio St. 283, it Was held that an action would lie for a false representation of a material fact, whether the party making it knew it to be false or not, if he had no reason tp believe it to be true, and it was made with the intention of inducing the person to whom made to act upon it, and he did so, sustaining a damage in consequence. The principle upon which a person is held liable for damages in such a case is, that one who causes damage to another by inducing him to act upon representations false in fact, and which the person making them has no reason to believe to be true, is guilty of such gross negligence as in law is regarded as a fraud.
It may be considered as well settled in this state, by the cases above cited, that an action for damages caused by misrepresentation cannot ordinarily be maintained, without proof of actual fraud, or such gross negligence as amounts to fraud. When, however, a person claims the benefit of a contract into which he has induced another to enter by means of misrepresentations, however honestly made, the same principles cannot *495 be applied. It is then only necessary to prove that the representation was material and substantial, affecting the identity, value or character of the subject-matter of the contract, that it was false, that the other party had a right to rely upon' it, and that he was induced by it to make the contract, in order to entitle him to relief either by rescission of the contract or by recoupment in a suit brought to enforce it.
In this case it is fully proved that the representations made, materially affected the identity and value of the property sold, that they were made for the purpose of inducing Mulvey to make the purchase, that he believed them to be true and therefore bought the property, which he would not otherwise have done, and that they were false. But the testimony also fully proves that King was guilty neither of fraud nor of gross negligence in making those representations, his mistake having been occasioned by that of a surveyor in previously establishing the boundary line.
The facts thus proved bring the ease within the principles above stated and give a right of recoupment in an action for the balance of the purchase money, to the extent of the deficiency in the value of the property purchased.' The rights of the purchaser do not rest upon the ground of fraud, actual or constructive, but that, to the extent of the difference in value between the property as it was represented to be, and the property conveyed, there is no consideration for his promise, lie cannot, upon any principle of law or equity, be compelled to pay for what the vendor did not own, and could not convey. The maxim caveat emptor does not apply to such representations as were made in this case, upon which the purchaser under the circumstances had a right to rely, and in reference to which he was guilty of no negligence.
Judgments of the district court and court of common, pleas reversed, and cause remanded.